**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International, Inc., an Arizona non-profit corporation,<br><br>    Plaintiff/Counterdefendant,<br><br>vs.<br><br>Niranjan Patel, a/k/a Neil Patel and Jagruti Patel, husband and wife; and Ganpati, Inc., a corporation,<br><br>    Defendants/Counterclaimants. | No. CV 04-02307-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for New Trial and for Judgment as a Matter of Law (Doc. #96).[1]  The Court now rules on the motion.

**I. Background**

As set forth in the Complaint, this case involved two breach of contract claims arising out of a franchise agreement between Plaintiff and Defendants. Specifically, Plaintiff alleged that Defendants breached the franchise agreement when they failed to pay for goods and services provided by Plaintiff and when they used Plaintiff's trademark following termination of the agreement. Defendants responded by alleging they were excused from performing

---

[1] The Plaintiff in this case is also the Counterdefendant. However, for simplicity the Court will continue to refer to the party only as Plaintiff.

their obligations under the agreement because Plaintiff breached the terms of the agreement and/or breached its duty of good faith and fair dealing under the agreement. Similarly, Defendants filed a counterclaim alleging that Plaintiff breached the franchise agreement and/or breached its duty of good faith and fair dealing.

On August 21, 2007, the trial of this matter commenced. On August 24, 2007, the jury returned a general verdict in favor of each party on their respective claims. On Plaintiff's claim that Defendants breached the agreement by failing to pay for goods and services provided by Plaintiff, the jury awarded Plaintiff $25,272.02. On Plaintiff's claim that Defendants breached the agreement by using Plaintiff's trademark following termination of the agreement, the jury awarded Plaintiff $34,646.46. On Defendants' counterclaim that Plaintiff breached the agreement and/or breached its duty of good faith and fair dealing, the jury awarded Defendants $445,000.00.

**II. Motion for New Trial**

Plaintiff moves, on numerous grounds, for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure.[2] It is well established that "[c]ourts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." 11 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2803 (1995) (internal citations omitted). When a judge grants a new trial, he "to some extent at least, substitute[s] his judgment of the facts and the credibility of the witnesses for that of the jury. . . . [T]he judge takes over, if he does not usurp, the prime function of the jury as the trier of facts." *Lind v. Schenley Industries, Inc.*, 279 F.2d 79, 90 (1960), *cert. denied* 364

---

[2] Due to the nature of this case - a federal court sitting in diversity and the choice of law provision in the contract at issue - state law governs the substantive law. However, the grant or denial of a new trial is a matter of procedure governed by the Federal Rules of Civil Procedure. As such, Defendants are correct to note that federal law will govern with respect to this issue.

- 2 -

U.S. 835 (1960); *see also* 11 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2806 (1995) ("[A] decent respect for the collective wisdom of the jury, and for the function entrusted to it in our system, certainly suggests that in most cases the judge should accept the findings of the jury, regardless of his own doubts in the matter.") (citation omitted). As such, Plaintiff's burden of establishing ground for a new trial is very high.

### A. Jury Disregarded Court's Instruction

Plaintiff's first ground for seeking a new trial is that the jury disregarded the Court's instructions. Plaintiff contends this disregard is evidenced by the amount of damages awarded to the parties and the liability determinations. With respect to the amount of damages, Plaintiff argues the amount awarded on its trademark claim is lower than the amount that should have been awarded had the jury followed the trademark damage calculation contained in the franchise agreement. Plaintiff further argues that the amount awarded to Defendants on their counterclaim exceeds the amount that should have been awarded had the jury followed the limitation of damages clause in the franchise agreement. With respect to the liability determinations, Plaintiff argues that the finding for Plaintiff on its claims, which required the jury to reject Defendants' affirmative defense, and for Defendants on their counterclaim, which was based on the same theories as Defendants' affirmative defense, are inconsistent and shows that the jury disregarded the Court's instructions.

Despite Plaintiff's arguments, the Court "must assume that the jury followed the court's instructions." *Aspen Skiing Co., v. Aspen Highlands Skiing Corp.*, 472 U.S. 585, 604 (1985). Indeed, the Court cannot speculate as to how the jury reached its general verdict so long as the verdict is supported by the evidence. *See Dunn v. United States*, 284 U.S. 390, 394 (1932) ("That the verdict may have been the result of compromise, or of a mistake on the part of the jury, is possible. But verdicts cannot be upset by speculation or inquiry into such matters."). Here, the Court finds the verdict to be supported by the evidence and will not speculate as to how the verdict was reached.

## B. Inconsistent Verdicts

Plaintiff's second ground for seeking a new trial is that the jury rendered inconsistent verdicts. As discussed above, Plaintiff contends that a finding for Plaintiff on both of its claims, such that Defendants' affirmative defense failed, and a finding for Defendants on their counterclaim, which was the same as their affirmative defense, are inconsistent. The Court disagrees, finding that the verdicts are reconcilable. The evidence presented at trial was sufficient to support the jury's finding in favor of Plaintiff in regard to Plaintiff's claims, based strictly on the language of the franchise agreement. There also was evidence sufficient for a jury to find Plaintiff acted in bad faith with respect to termination of the agreement. These conclusions are in no way mutually exclusive.

Even if the Court did find the verdicts irreconcilable, case law suggests that irreconcilable verdicts can stand. *See Zhang v. American Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003) ("We have found no Supreme Court or Ninth Circuit cases in which an appellate court has directed the trial court to grant a new trial due to inconsistencies between general verdicts, and Ninth Circuit precedent dictates that we cannot do so."); *see also Borel v. FibreBoard Paper Products Corp.*, 493 F.2d 1076, 1094 (5th Cir. 1973) ("It has long been the rule that consistency in general verdicts is not required."). Further, the Court finds that Plaintiff waived its objection to the alleged inconsistent verdicts by failing to address the issue through jury instructions pursuant to Rule 51 of the Federal Rules of Civil Procedure, *see Zhang*, 339 F.3d at 1037, and, thereafter, by failing to raise the objection at the time the verdict was read, *see Phillippine Nat. Oil Co. V. Garrett Corp.*, 724 F.2d 803, 806 (9th Cir. 1984).

## C. Court's Refusal to Give Instruction on Damage Limitation

Plaintiff's third ground for seeking a new trial is that the Court refused to instruct the jury that Defendants' counterclaim damages were limited to those damages specified in the franchise agreement. Defendants' counterclaim, which alleged a breach of the implied duty

- 4 -

of good faith and fair dealing, gives rise to tort, not contract, damages. *See Airfreight Exp. Ltd., v. Evergreen Air Center, Inc.*, 158 P.3d 232, 239 (Ariz. Ct. App. 2007) ("A party may contract to limit liability in damages for nonperformance of promises. . . . Such a provision is not effective, however, if that party acts fraudulently or in bad faith.") (citing 15 Grace McLane Giesel, *Corbin on Contracts* § 85.18 at 471 (2003)); *see also* Stephen S. Ashley, *Bad Faith Actions, Liability & Damages* §11:3 (2d ed. 1997) ("In the context of ordinary commercial contract cases the courts have recognized the limitless reach of the cause of action for bad faith and its potential to supplant the breach of contract cause of action as the principal remedy against those who break their promises."). Thus, the Court did not err in refraining from instructing the jury that damages on the counterclaim were limited to those specified in the agreement.

### D. Admission of Opinion Testimony

Plaintiff's final ground for seeking a new trial is that the Court improperly allowed Defendant Niranjan Patel to testify about the value of the hotel before and after termination of the franchise agreement. A property owner can testify about the value of his property if his testimony is well founded on personal knowledge.[3] *See Lightening Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1175 (3rd Cir. 1993) (owner was not required to qualify as an expert to offer opinion testimony regarding company's lost profits, stating "[t]he modern trend favors the admission of [lay] opinion testimony, provided that it is well founded on personal knowledge and susceptible to specific cross-examination.") (citation omitted). The Court agrees with Defendants' assertion that Mr. Patel testified that he was experienced in the business of buying and selling hotels, that he was completely familiar with the books of the

---

[3]The admission of evidence at trial is governed by federal law. *See Montone v. Radio Shack, a Div. of Tandy Corp.*, 698 F.Supp. 92, 93 (E.D.Pa. 1988) ("In a diversity case, when a federal court finds that state evidentiary law (whether decisional or statutory) would exclude certain testimony whereas federal evidentiary law would admit it, the court must follow federal law unless one of the Federal Rules of Evidence expressly invokes statelaw [sic].").

- 5 -

hotel in question, and that he based his opinion of value and revenue losses on matters about which he had personal knowledge. The fact that Mr. Patel is not an expert speaks to the weight of his testimony and not to its admissibility.

### III. Motion for Judgment as a Matter of Law

Renewing its post-evidentiary motion for judgment as a matter of law, Plaintiff again argues that Defendants failed to present evidence sufficient to establish that Plaintiff breached the franchise agreement and/or its implied duty of good faith or fair dealing under the agreement. When considering such a motion post-verdict:

> The trial court can overturn the jury and grant such a motion only if, under the governing law, there can be but one reasonable conclusion as to the verdict. In other words, the motion should be granted only if there is no legally sufficient basis for a reasonable jury to find for that party on that issue. In ruling on a motion for JMOL, the court is not to make credibility determinations or weigh the evidence and should view all inferences in the light most favorable to the nonmoving party. The court must accept the jury's credibility findings consistent with the verdict. It must disregard all evidence favorable to the moving party that the jury is not required to believe. The court may not substitute its view of the evidence for that of the jury.

*Winarto v. Toshiba America Electronics Components, Inc.*, 274 F.3d 1276, 1283 (9th Cir. 2001) (internal citations and quotations omitted). During the trial, there was ample evidence presented to support the jury's conclusion that Plaintiff breached the franchise agreement and/or its duty of good faith and fair dealing.[4] Therefore, the Court concludes there was a legally sufficient basis for the jury to find in favor of Defendants on their counterclaim and Plaintiff's motion for judgment as a matter of law is denied.

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion for a New Trial and for Judgment as a

---

[4] Without limitation, the Court notes that such evidence includes that the hotel was a Best Western hotel for over 30 years before Defendants purchased the hotel, that the hotel received drastically lower inspection scores after Defendants purchased the hotel resulting in the termination of the agreement approximately one year later, and that Plaintiff's Board of Directors acted on erroneous information when terminating the agreement.

- 6 -

1  Matter of Law (Doc. # 96) is DENIED.

2  DATED this 23rd day of January, 2008.

_____
James A. Teilborg
United States District Judge

- 7 -