**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International, Inc., an Arizona non-profit corporation,<br><br>Plaintiff/Counterdefendant<br><br>vs.<br><br>Niranjan Patel, a/k/a Neil Patel and Jagruti Patel, husband and wife; and Ganpati, Inc., a corporation,<br><br>Defendants/Counterclaimants. | No. CV 04-2307-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Neil Patel, Jagruti Patel, and Ganpati, Inc.'s ("Defendants") Motion for Award of Attorney's Fees. After judgment in this case was entered, Best Western International ("Plaintiff") filed a Motion for a New Trial and Judgment as a Matter of Law. The Court has denied Plaintiff's Motion for a New Trial. Therefore, the Court finds as moot Plaintiff's argument that Defendants' Motion for Award of Attorney's Fees is premature. The Court will now address the remainder of Plaintiff's opposition to attorney's fees.

**I.    BACKGROUND**

This case involved two breach of contract claims arising out of a franchise agreement made between Plaintiff and Defendants. Specifically, Plaintiff brought a claim against Defendants for breach of the franchise agreement when Defendants failed to pay

for goods and services. Plaintiff also brought a claim against Defendants for continuing to use Plaintiff's trademark after the agreement was terminated. Defendants then brought a counterclaim for breach of the agreement and breach of the duty of good faith and fair dealing. On August 24, 2007, a jury awarded Plaintiff $25,272.02 for Defendants' failure to pay for goods and services, and $34,646.46 for Defendants' use of Plaintiff's trademark after the agreement was terminated. The jury also awarded Defendants $445,000 for Plaintiff's breach of the duty of good faith and fair dealing. Defendants now move for attorney's fees under A.R.S. § 12-341.01.

## II. DISCUSSION

### A. Awarding Attorneys Fees and Expenses under Arizona Law

Under Arizona law, "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." A.R.S. § 12-341.01(a). There is no dispute between parties that the action in this case arises "out of a contract." Therefore, the Court must determine whether Defendants are the "successful party" within the meaning of A.R.S. § 12-341.01(a). If the Court finds Defendants are the "successful party," the Court must then determine whether awarding fees to Defendants is appropriate. Finally, the Court must determine if the amount of fees Defendants seek is reasonable.

#### 1. Successful Party Status

The Court has discretion when determining who is the successful party. Sanborn v. Brooker & Wake Prop. Mgmt., Inc., 874 P.2d 982, 987 (Ariz. Ct. App. 1994). The money awarded in a judgment is an important factor for the Court to consider when determining who is the successful party. Ocean West Contractors, Inc., v. Halec Constr. Co., Inc., 600 P.2d 1102, 1105 (Ariz. 1979). Specifically, in the case of multiple claims arising out of the same contract and tried together, the Arizona Supreme Court has adopted the net judgment rule that states "a party will be 'successful' if he obtains

- 2 -

1 judgment for an amount in excess of the setoff or counterclaim allowed." Id. (quoting
2 Trollope v. Koerner, 515 P.2d 340, 344 (Ariz. Ct. App. 1973)).

3     Here, Plaintiff argues that it is the successful party, in part because it received a
4 higher percentage of recovery for its claims than Defendants.  Plaintiff also argues that
5 the percentage of recovery is a factor that the court in Trollope considered.  A careful
6 reading of the Trollope case reveals, however, that the court ultimately rejected that
7 reasoning in favor of the successful party being determined by the net judgment rule.
8 Trollope, 515 P.2d at 344.   This case involves claims and counterclaims arising out of the
9 same contract where the jury awarded damages to both parties.  Therefore, the net
10 judgment rule applies in determining the successful party.

11     Plaintiff also argues that even if the net judgment rule applies, Defendants are still
12 not the successful party.  Plaintiff argues that because Plaintiff sought injunctive relief,
13 and Defendants eventually ceased using Plaintiff's trademark before a judgment was
14 rendered, Plaintiff received an award in excess of the jury award.  However, as Plaintiff
15 admits, "it is difficult, if not impossible to measure" the value of Defendants' choice to
16 stop using Plaintiff's trademark.  (Pl.'s Resp. in Opp'n to Def.'s Mot. for Att'y's Fees 5.)
17 Further, Plaintiff fails to provide a plausible method to quantify Defendants' decision to
18 cease using Plaintiff's trademark.  In addition, a portion of the jury award was meant to
19 compensate Plaintiff for the time Defendants used the trademark after the agreement was
20 terminated, thereby taking into account the value of Plaintiff's injunctive relief when
21 deciding the verdict.  Therefore, the Court will not give extra value to Defendants'
22 decision to cease using Plaintiff's trademark.  Given that the Defendants have a higher net
23 judgment than Plaintiff, the Court finds Defendants are the successful party within the
24 meaning of A.R.S. § 12-341.01(a).

25     **2.    Appropriateness of Attorney Fee Award**

26     The Court must now determine if awarding fees under A.R.S. § 12-341.01(a) to
27 Defendants is appropriate.  The trial court has discretion when determining whether to
28

- 3 -

award attorney's fees. Associated Indem. Corp. v. Warner, 694 P.2d 1181, 1183 (Ariz. 1985). The court in Warner provides six factors that courts should consider when determining whether it is appropriate to award attorney's fees. Id. at 1184. These factors include: (1) considering the merits of the unsuccessful party's claim or defense; (2) considering whether the case could have been settled and whether the unsuccessful party's efforts were superfluous in that effort; (3) considering whether assessing fees against the unsuccessful party would create extreme hardship; (4) considering whether the successful party obtained all the relief sought; (5) considering the novelty of the legal question presented and whether the claim or defense has previously been adjudicated; (6) and considering whether the award of attorney's fees in this case would discourage other parties with valid claims or defenses from litigating legitimate contract issues because those parties would be afraid of incurring liability for a large amount of attorney's fees. Id. No single factor is determinative, and the Court must weigh all factors when determining whether to award attorney's fees. Wilcox v. Waldman, 744 P.2d 444, 450 (Ariz. Ct. App. 1987).

When weighing the above factors, the party requesting fees has the burden of proving entitlement. Woerth v. City of Flagstaff, 808 P.2d 297, 305 (Ariz. Ct. App. 1991). However, "the party asserting financial hardship has the burden of coming forward with *prima facie* evidence of financial hardship." Id. In order for the Court to consider hardship when determining whether to award fees, the party opposing fees must present specific evidence of hardship by affidavit or testimony. Id.

First, Plaintiff brought claims against Defendants for not paying for goods and services and continuing to use Plaintiff's trademark after the termination of the agreement. Plaintiff eventually withdrew a claim for injunctive relief because Defendants chose to stop using Plaintiff's trademark before the end of the trial. Plaintiff also received a jury award totaling $59,918.48, although Plaintiff only recovered a portion of the relief originally sought. Therefore, because Plaintiff prevailed, at least in part, on its claim, the

1  claim had merit, and this factor favors not awarding attorney's fees.

2  Second, both parties claim that the other party did not make sufficient efforts to
3  settle. Plaintiff claims that Defendants failed to make a settlement offer during a
4  settlement conference. Defendants respond with an attached email showing that Plaintiff
5  turned down Defendants' settlement offer to have both parties walk away and pay their
6  own costs. (Def.'s Mem. Supp. Att'y's Fees Ex. B.)  The evidence presented to the
7  Court shows that Defendants made at least one settlement offer before the conclusion of
8  trial. Therefore, this factor weighs in favor of awarding Defendants' attorney's fees.

9  Third, Plaintiff in this case failed to file an affidavit proving hardship. Therefore,
10 the Court can not consider Plaintiff's hardship in determining whether to award fees.

11 Fourth, Defendants were not successful in obtaining all of the relief sought. The
12 jury award provided a portion of the damages Defendants requested.  Therefore, this
13 factor weighs against awarding attorney's fees.

14 Fifth, the claim in this action is based on a breach of contract and is an issue
15 routinely litigated. Therefore, the issues presented before the Court in this case are not
16 novel and have been previously litigated. As a result, this factor weighs in the favor of
17 awarding attorney's fees.

18 Finally, neither party has submitted evidence to show an award of fees in this case
19 would discourage parties with tenable claims from litigation for fear of incurring liability
20 for substantial amounts of attorney's fees. Therefore, this factor does not weigh against
21 awarding fees.

22 Given the forgoing, the Court finds that the factors-based analysis tips in favor of
23 awarding Defendants' attorney's fees. Therefore, an award of attorney's fees is
24 appropriate in this case.

### 3.    **Reasonableness of Attorney's Fees**

26 The final step in the attorney's fees analysis is to determine whether the fees
27 sought by Defendants are reasonable.  See Schweiger v. China Doll Rest., Inc., 673 P.2d

- 5 -

1  927, 931 (Ariz. Ct. App. 1983). In the original motion Defendants sought an estimated
2  $98,000 in fees. Thereafter, Defendants filed a Memorandum in Support of Defendants'
3  Motion for Attorney's Fees. The Memorandum states Defendants now seek $109,640.00
4  in fees.

5        The court may award the successful party in a contract action reasonable attorney's
6  fees. A.R.S. § 12-341.01(a). Once a party submits an itemized list of fees with sufficient
7  detail and establishes entitlement to fees, the burden then shifts to the party challenging
8  the fees to show that the fees are unreasonable. See Nolan v. Starlight Pines
9  Homeowners Ass'n, 167 P.3d 1277, 1286 (Ariz. Ct. App. 2007).

10       Here, Defendants have attached to the Memorandum in Support of Attorney's Fees
11 a detailed billing summary. In response, Plaintiff argues that the amount of fees sought
12 by Defendants is unreasonable. Plaintiff claims that the hourly rates "greatly exceed
13 customary and usual charges for such services." (Def.'s Resp. to Pl.'s Mot. for Att'y's
14 Fees 5.) Plaintiff fails, however, to provide any evidence that the hourly rate charged by
15 each attorney is unreasonable. Defendants' attorneys charge between $200 and $375 per
16 hour, and each attorney has practiced law in Arizona for at least 20 years. (Def.'s Mem.
17 Supp. Att'y's Fees Ex. A.) These rates are similar to those charged by other Phoenix
18 attorneys with the same amount of experience. Therefore, the Court finds that the hourly
19 rates charged by Defendants' attorneys are reasonable.

20       Plaintiff also claims that Defendants seek fees for unnecessary and duplicative
21 charges. (Id. at 5-6.) Plaintiff provides the following examples of the fees being
22 unnecessary and duplicative: (1) multiple in-office conferences between the three
23 attorneys working on the matter; (2) multiple attorney's participating in a settlement
24 conference in Flagstaff where no offers of settlement were made; (3) multiple attorneys
25 attending the trial of this action, with each attorney charging for different amounts of time
26 and each attorney charging for time significantly greater than was spent at trial; (4)
27 multiple attorney's reviewing the same pleadings; (5) and multiple attorneys traveling to
28

1 Ohio to interview their client.  (Id.)

2      Plaintiff's claims that the fees Defendants seek are unnecessary and dupilcative are
3 without merit.  First, the record indicates that Defendants' attorneys met on several
4 occasions regarding the strategy and status of the current case.  All of the attorneys
5 present during those conferences billed for their time.  This is a standard practice for
6 many law firms, and the Court finds that it is reasonable to bill for that time.  Plaintiff
7 fails to provide any specific evidence of double billing during the in-office conferences.

8      Second, it is standard for multiple attorneys to work on a single case at the same
9 time, particularly a case that goes on for three years, goes to a jury trial, and concerns a
10 large amount of money.  Further, whether or not a settlement offer was made at the
11 conference does not determine whether the fees charged for the attorney's time at the
12 conference are reasonable.

13      Third, the itemized list of fees shows each attorney billed a different amount of
14 time for trial.  That difference, however, is due to the different amounts of time each
15 attorney spent preparing for trial.  The Court finds nothing unreasonable about more than
16 one attorney preparing for, and participating in, Defendants' trial.

17      Fourth, the Court finds that attorneys reviewing documents prepared by colleagues
18 is not unreasonable.  Generally, editing and revising documents are a common part of
19 legal drafting.

20      Finally, Defendants and the property in question are located in the state of Ohio.
21 To bill for Defendants' attorneys to travel to Ohio to meet their client on one occasion is
22 not unreasonable.  Attorneys commonly charge clients for the attorney's time spent
23 traveling when it is related to the client's case.

24      Plaintiff has failed to meet the burden of showing that the attorney's fees
25 Defendants seek are unreasonable.  Therefore, the Court awards Defendants the full
26 amount of attorney's fees sought.

27

28

### III. CONCLUSION

Based on the forgoing,

**IT IS ORDERED** that Defendants' Motion for Award of Attorney's Fees (Doc. #98) is **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment in the amount of $109,640.00 in favor of Defendants and against Plaintiff.

DATED this 25th day of February, 2008.

_____
James A. Teilborg
United States District Judge

- 8 -